UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SEAN STANKOWSKI,

        Plaintiff,

   v.                                Case No. 23-cv-0563-bhl

KEVIN CARR,
CINDI ODONNELL,
EMILY DAVIDSON,
CHERYL EPLETT,
JIM ZANON,
EMIL TONEY,
ERIC HENSLIN,
SHAUN TOOMBS,
NIKKI SCHWEBKE,
HEATH TOMLIN, and
CELESTE WILLIAMS,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Sean Stankowski, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On May 5, 2023, Stankowski paid the $402 civil case filing fee. This matter comes before the Court to screen the complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or

<br>

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Stankowski asserts that on September 15, 2022, Defendant Celeste Williams wrote a false conduct report accusing him of soliciting an employee by calling her "cute." Stankowski denied

2

her accusations and requested that Williams be called as a witness and that video and audio surveillance be reviewed at the disciplinary hearing. According to Stankowski, Defendant Nikki Schwebke informed him that audio surveillance did not exist, and she crossed out "audio monitoring" on his request form. Stankowski asserts that during the hearing on September 27, 2022, he again asked for audio monitoring and was again told it did not exist. Stankowski states that he observed Schwebke, Heath Tomlin, Alyssa Maloney, and Celeste Williams conferring outside of the hearing room. Stankowski believes it was then that they agreed to keep the audio evidence hidden. Stankowski was found guilty of the conduct report. Stankowski appealed the decision, but his appeals were denied. Dkt. No. 1 at 3-6.

### THE COURT'S ANALYSIS

Stankowski asserts that his due process rights were violated because he was denied the opportunity to present exculpatory evidence, resulting in him being found guilty and placed in disciplinary segregation. The Due Process Clause of the Fourteenth Amendment provides, "[N]or shall any State deprive any person of life, liberty, or property, without due process of law." Thus, as the Seventh Circuit has explained, "a plaintiff cannot under Section 1983 complain of procedural due process violations unless the state has first deprived him or her of [] a constitutionally protected interest." *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Here, the alleged deprivation to Stankowski was his placement in disciplinary segregation—purportedly in contravention of a liberty interest. But the Due Process Clause "does not necessarily protect prisoners against the imposition of disciplinary segregation" because "a prisoner has no liberty interest in remaining in the general population. *Id*. (citing *Williams v. Ramos*, 71 F.3d 1246, 1248-49 (7th Cir. 1995)).

Whether a prisoner has a liberty interest implicated by special confinement relies on whether the confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In assessing whether a prisoner's placement in disciplinary segregation implicates a liberty interest, the Court considers both how long the prisoner was in segregation and the conditions the prisoner endured while in segregation. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009). Stankowski's complaint is silent both as to how long he was in disciplinary segregation and as to the conditions he endured while there, so the Court cannot reasonably infer that he was deprived a constitutionally protected interest such that the protections of the Due Process Clause were triggered. *See Twombly*, 550 U.S. at 570 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") Stankowski therefore fails to state a claim that Defendants violated his due process rights when they denied him the opportunity to present exculpatory evidence.

The Court will give Stankowski an opportunity to file an amended complaint to provide factual allegations supporting a conclusion that he was deprived a liberty interest when he was placed in disciplinary segregation. As Stankowski considers whether to file an amended complaint, the Court reminds him that the Seventh Circuit has concluded "that six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights." *Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013). Further, in evaluating whether the conditions of disciplinary segregation impose an "atypical and significant hardship on the inmate" courts compare the conditions in disciplinary segregation to the conditions in discretionary segregation, *i.e.*, administrative segregation or temporary lockup. When the conditions in

4

Case 2:23-cv-00563-BHL   Filed 05/11/23   Page 4 of 6   Document 6

disciplinary and discretionary segregation are substantially similar, an inmate's placement in disciplinary segregation does not implicate a liberty interest. *Lekas*, 405 F.3d at 611-12.

Stankowski is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Stankowski chooses to file an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Stankowski does not file an amended complaint, the Court will dismiss this case based on his failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Stankowski's motion for leave to use funds in his release account to pay the civil case filing fee (Dkt. No. 2) is **DENIED as moot**. Stankowski paid the $402 filing fee on May 5, 2023.

**IT IS FURTHER ORDERED** that on or before **June 12, 2023**, Stankowski may file an amended complaint curing the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Stankowski a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

5

Case 2:23-cv-00563-BHL   Filed 05/11/23   Page 5 of 6   Document 6

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Stankowski is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on May 11, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge