UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN STANKOWSKI,

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　Case No. 23-cv-0563-bhl

KEVIN CARR,
CINDI O'DONNELL,
EMILY DAVIDSON,
CHERYL EPLETT,
JIM ZANON,
EMIL TONEY,
ERIC HENSLIN,
SHAUN TOOMBS,
NIKKI SCHWEBKE,
HEATH TOMLIN,
CELESTE WILLIAMS, and
JEFFREY FREUND,

　　　　　Defendants.

## SCREENING ORDER

Plaintiff Sean Stankowski, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On May 11, 2023, the Court screened Stankowski's complaint and gave him the opportunity to file an amended complaint, which he did on June 7, 2023. Dkt. No. 8. The Court will screen the amended complaint as required by 28 U.S.C. §1983.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

### ALLEGATIONS OF THE AMENDED COMPLAINT

The allegations in the amended complaint are largely the same as those in the original complaint. Stankowski asserts that on September 15, 2022, Celeste Williams wrote a false conduct report accusing him of solicitation. Stankowski denied her accusations and requested that audio surveillance be reviewed at the disciplinary hearing. According to Stankowski, Nikki Schwebke tried to manipulate him into not asking for the audio evidence, and she crossed out "audio monitoring" on his request form. Stankowski asserts that Security Director Emil Toney also refused to let him use the audio evidence. Stankowski filed an inmate complaint on September 25, 2022, stating that he was being denied the opportunity to present the audio at his disciplinary hearing, but Jeffrey Freund rejected the inmate complaint as premature.

Stankowski asserts that during the hearing on September 27, 2022, Schwebke, Heath Tomlin, and Celeste Williams conspired to keep the audio evidence hidden. Stankowski was found guilty of the conduct report. Stankowski appealed the decision, but Jim Zanon denied the appeal. Stankowski explains that he then learned that, on the day of the alleged solicitation, well before his disciplinary hearing, Captain Henslin had authorized a disposition of thirty days. Stankowski ultimately served twenty-one days in segregation, lost his prison job, and missed education classes.

2

Stankowski also alleges that, after he filed a second inmate complaint on November 3, 2022, Freund denied the inmate complaint, incorrectly concluding that the alleged violation was ineligible for review. Warden Cheryl Eplett approved the dismissal and Corrections Complaint Examiner Emily Davidson, Office of the Secretary Cindi O'Donnell, and Wisconsin Department of Corrections Secretary Keven Carr dismissed his appeal.

Finally, Stankowski explains that, on April 27, 2023, Tomlin, who was one of the officers involved in his disciplinary hearing, refused to notarize an affidavit about Stankowski's attempts to pay the filing fee. He states that Freund denied his inmate complaint on that topic on May 1, 2023.

## THE COURT'S ANALYSIS

Stankowski asserts that his due process rights were violated because he was denied the opportunity to present exculpatory evidence, which resulted in him being found guilty and confined in disciplinary segregation for twenty-one days. He also lost his prison job and missed classes he had been taking to earn a certification. The Due Process Clause of the Fourteenth Amendment provides, "[N]or shall any State deprive any person of life, liberty, or property, without due process of law." Thus, as the Seventh Circuit has explained, "a plaintiff cannot under Section 1983 complain of procedural due process violations unless the state has first deprived him or her of [] a constitutionally protected interest." *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). As further explained below, Stankowski fails to state a due process claim because, even if his allegations about the hearing are true, being placed in disciplinary segregation for a few weeks, losing his prison job, and/or missing classes do not implicate liberty interests.

With regard to being placed in segregation, the Due Process Clause "does not necessarily protect prisoners against the imposition of disciplinary segregation" because "a prisoner has no

3

liberty interest in remaining in the general population. *Id*. (citing *Williams v. Ramos*, 71 F.3d 1246, 1248-49 (7th Cir. 1995)). Whether a prisoner has a liberty interest implicated by special confinement relies on whether the confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In assessing whether a prisoner's placement in disciplinary segregation implicates a liberty interest, the Court considers both how long the prisoner was in segregation and the conditions the prisoner endured while in segregation. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009). Despite being given an opportunity to describe the conditions he endured while in segregation, Stankowski's amended complaint is silent on that point. Stankowski does clarify, however, that he remained in segregation for only 21 days. As the Court noted in the original screening order, this relatively brief amount of time is insufficient to state a due process claim, as the Seventh Circuit has concluded "that six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights." *Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013).

Nor does losing a prison job or missing out on educational classes demonstrate that a prisoner has been deprived of a protected liberty or property interest. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (holding that the Due Process Clause does not afford prisoners a liberty or property interest in their jobs), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982) (holding that prisoners do not "have a property or liberty interest in prison employment, or increased recreation and educational courses"). Because Stankowski fails to allege that he was deprived a protected liberty or property interest, he does not state a due process claim.

Stankowski also fails to state a claim based on allegations that his inmate complaints and appeals were denied. The Seventh Circuit long ago explained that "[o]nly persons who cause or participate in the violations are responsible," and "[r]uling against a prisoner on an administrative complaint does not cause or contribute to a violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Finally, Stankowski fails to state a retaliation claim against Tomlin based on allegations that he refused to notarize an affidavit about Stankowski's efforts to pay his filing fee. To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

Stankowski fails to state a claim because Tomlin's refusal to notarize the affidavit was merely an inconvenience that would not likely deter First Amendment activity in the future. Although Stankowski was unable to submit a notarized affidavit, he had the option of submitting an unsworn declaration under 28 U.S.C. §1746. Further, Stankowski acknowledges that Tomlin informed him that it would be a conflict of interest for him to notarize documents in a case involving allegations against him. Stankowski includes no other factual allegations about Tomlin's motivation for refusing to notarize the affidavit. Thus, Stankowski fails to raise his "belief" regarding Tomlin's motivation above the speculative level.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 30, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

6