UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN STANKOWSKI,

        Plaintiff,

   v.                                    Case No. 23-cv-0563-bhl

KEVIN CARR, et al.,

        Defendants.

## DECISION AND ORDER

      Plaintiff Sean Stankowski, a prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983. On June 30, 2023, the Court screened the amended complaint and dismissed this action. On July 26, 2023, Stankowski timely filed a notice of appeal, but he did not pay the $505 appellate filing fee, nor did he file a motion for leave to proceed without prepaying the filing fee. Instead, Stankowski filed a motion for leave to use funds in his release account to pay the filing fee and a motion for an extension of time to pay the filing fee. He believes that he is ineligible to proceed *in forma pauperis* because he has sufficient funds in his release account to pay the filing fee. He explains that the business office refuses to let him access the funds in his release account without a Court order.

      The Prison Litigation Reform Act (PLRA) applies because Stankowski was incarcerated when he filed his notice of appeal. That law requires the Court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). Wisconsin prisoners have two types of accounts, a regular account and a release account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of

Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). For this reason, the Court does not consider the release account when determining whether a prisoner may proceed *in forma pauperis*; the Court considers only the balance and deposits into the prisoner's regular trust account. Further, given the purpose of the release account, federal courts do not focus on that account as the source of funds to satisfy the filing fee payment requirements. *See Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). Although federal courts will sometimes allow a plaintiff to pay the initial partial filing fee with funds in his release account, federal courts are less willing to allow a plaintiff to pay the full filing fee from that account. Allowing this practice would significantly deplete the value of the prisoner's release account and undermine the very purpose of the account.

Accordingly, the Court will deny Stankowski's motion for leave to use funds in his release account to pay the $505 appellate filing fee. The trust account statement he filed shows that he has insufficient funds in his regular account to pay the entire filing fee upfront, so he may file a motion to proceed *in forma pauperis* along with a certified copy of his trust account statement covering the period of January 26, 2023 through July 26, 2023 (the date he filed his notice of appeal).

**IT IS THEREFORE ORDERED** that Stankowski's motion for leave to pay the $505 appellate filing fee with funds in his release account (Dkt. No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that his motion for an extension of time to pay the filing fee (Dkt. No. 15) is **GRANTED**. By **August 30, 2023**, Stankowski must pay the $505 appellate filing fee with funds in his regular account or file a motion for leave to proceed without prepaying the filing fee along with a certified copy of his trust account statement for the six-month period

preceding the filing of his appeal. If he fails to do so or explain why he is unable to do so by the deadline, the appellate court may dismiss his appeal based on his failure to pay the filing fee.

Dated at Milwaukee, Wisconsin on August 1, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge